LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00965 BRO (DTBx) | Date | May 27, 2015 |
|---|---|---|---|
| Title | SOLARCITY CORPORATION V. FAYE BURIAN | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

# ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

Plaintiff SolarCity Corporation ("Plaintiff") initiated this action on May 15, 2015. (Dkt. No. 1.)  According to the Complaint, Defendant Faye Burian ("Defendant"), a former employee of Plaintiff, has indicated her intent to pursue a representative class action against Plaintiff in the Superior Court of California under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698 *et seq.*  (Compl. ¶ 9.)  Plaintiff maintains that such an action would be improper and preempted by the Supremacy Clause of the United States Constitution and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, and accordingly seeks declaratory and equitable relief.  (Compl. ¶ 1.) Plaintiff invokes this Court's federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 on the basis that this case presents federal questions under the Supremacy Clause and FAA.  (Compl. ¶ 2.)  Plaintiff also bases federal question jurisdiction on a claim for a violation of 28 U.S.C. § 1983, contending that a PAGA claim filed by Defendant in state court would constitute action under color of state law and would deprive Plaintiff of its federal right to enforce an arbitration agreement.  (Compl. ¶ 3.)

A federal court must determine its own jurisdiction even if there is no objection to it.  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).  Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-00965 BRO (DTBx) | Date | May 27, 2015 |
|---|---|---|---|
| Title | SOLARCITY CORPORATION V. FAYE BURIAN | | |

"Although the FAA 'creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.'" *Valley View Health Care, Inc. v. Chapman*, 992 F. Supp. 2d 1016, 1031 (E.D. Cal. 2014) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 16 n.9 (1984)), *appeal dismissed*, Aug. 7, 2014. The United States Supreme Court has explained that

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 (1983). Additionally, the Supreme Court has stated that the Supremacy Clause "is not a source of any federal rights," but rather "'secure[s]' federal rights by according them priority whenever they come in conflict with state law." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 613 (1979).

After reviewing the Complaint, it is not clear to the Court that the Supremacy Clause or FAA give rise to federal question jurisdiction in this case. Plaintiff has also cited no authority for the proposition that a PAGA plaintiff acts under color of state law such that a PAGA claim preempted by the FAA violates a defendant's federal rights. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response to this Order shall be filed by no later than Wednesday, June 3, 2015 at 4:00 p.m.

**IT IS SO ORDERED.**                                                                                           :

                                                        Initials of Preparer            rf